[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-12263

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SURRODRICK MCCOBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00088-VMC-JSS-1

_____

Before ROSENBAUM, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

After appellant Surrodrick McCobb pleaded guilty to being a felon in possession of a firearm, the district court concluded that he was subject to an enhanced penalty range under the Armed Career Criminal Act ("ACCA") because he had three or more convictions for "serious drug offenses" and these offenses occurred on different occasions. 18 U.S.C. § 924(e). At sentencing, the district court imposed a 180-month sentence.

On appeal, McCobb has moved for summary reversal, arguing that the district court erred in applying the ACCA enhancement because a jury did not find beyond a reasonable doubt that his predicate offenses were committed on different occasions. He asks that we remand for resentencing without the enhancement. The government does not oppose the motion. We grant McCobb's motion, vacate his sentence, and remand for resentencing.

**I.**

In 2020, McCobb pleaded guilty to one count of possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). As part of the plea, he admitted to committing the crime of possessing a firearm as a convicted felon. He also admitted that he had four previous convictions for sale or delivery of cocaine with one of the offenses occurring on or about July 13, 1995, and the three others occurring on or about January 30, 1998. He did not admit as part of his plea that he had three or more previous convictions for serious drug offenses that occurred on different occasions from one another.

Before sentencing, a probation officer prepared a Presentence Investigation Report ("PSR"). The PSR reported that without an ACCA enhancement, McCobb's Sentencing Guidelines range would be 18 to 24 months' imprisonment. But the PSR concluded that an ACCA enhancement applied because McCobb had at least "three prior convictions" for "a serious drug offense," and these offenses were committed on different occasions. 18 U.S.C. § 924(e)(1). After applying the ACCA enhancement, the PSR reflected that McCobb's guidelines range was 188 to 235 months' imprisonment and he faced a mandatory minimum sentence of 15 years.

McCobb objected to the ACCA enhancement, arguing, among other things, that the government failed to prove that he had three previous offenses committed on separate occasions. The district court overruled the objection and applied the ACCA enhancement. It ultimately sentenced McCobb to 180 months' imprisonment followed by a five-year term of supervised release.

## II.

In his unopposed motion for summary reversal, McCobb argues that the district court erred in applying the ACCA enhancement. According to McCobb, his constitutional rights were violated when the district court increased his penalty range based on its factfinding at sentencing that he committed predicate offenses on three different occasions. We agree that summary reversal is warranted.

As relevant here, summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[1]

According to the United States Supreme Court, under the Fifth and Sixth Amendments of the Constitution, "[o]nly a jury may find facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Erlinger v. United States*, 144 S. Ct. 1840, 1850 (2024) (internal quotation marks omitted). Because a factual finding that the defendant's predicate offenses "occurred on at least three separate occasions" has "the effect of increasing *both* the maximum and minimum sentences" he faces, such finding "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Id.* at 1851–52. Here, a constitutional violation occurred because the factual question of whether McCobb's previous offenses were committed on different occasions was decided by the district court at sentencing instead of by a unanimous jury beyond a reasonable doubt.

We assume without deciding that a district court's constitutional error in failing to submit to a jury the question of whether the defendant's previous convictions occurred on different occasions does not require reversal or vacatur if the error was

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

harmless.[2] Harmless error review generally "block[s] setting aside [sentences] for small errors or defects that have little, if any, likelihood of having changed the result of the trial." *Neder v. United States*, 527 U.S. 1, 19 (1999) (internal quotation marks omitted); *see also United States v. Roy*, 855 F.3d 1133, 1167 (11th Cir. 2017) (en banc) ("As the Supreme Court has repeatedly held, the vast majority of constitutional errors that occur at a criminal trial, including Sixth Amendment violations, should be examined for prejudicial effect and those errors do not require reversal if they are harmless.").

McCobb argues that the constitutional error here was not harmless because the evidence in the record does not establish beyond a reasonable doubt that he committed predicate offenses on three different occasions. Notably, after McCobb raised this argument, the government did not oppose his request for summary reversal. After reviewing the record, we cannot say it is "clear beyond a reasonable doubt that a rational jury would have found" that McCobb's predicate offenses were committed on at least three

---

[2] In *Erlinger*, the majority opinion did not address whether an error in failing to have a jury decide whether the defendant's previous convictions occurred on different occasions is subject to harmless error review. Two separate opinions suggested that harmless error review would apply. *Erlinger*, 144 S. Ct. at 1860–61 (Roberts, J., concurring) (stating that an *Erlinger* error would be "subject to harmless error review"); *id.* at 1866 (Kavanaugh, J., dissenting). The Chief Justice's concurring opinion directed the Seventh Circuit to "consider on remand the Government's contention that the error here was harmless." *Id.* at 1860–61 (Roberts, J., concurring).

6                    Opinion of the Court                    20-12263

separate occasions. *Neder*, 527 U.S. at 18. Accordingly, we conclude that the *Erlinger* error was not harmless.

Because McCobb is correct as a matter of law that the district court erred in applying the ACCA enhancement,[3] we grant his unopposed motion for summary reversal, vacate his sentence, and remand for resentencing.

**VACATED and REMANDED.**

---

[3] On appeal, McCobb also challenged the ACCA enhancement on the ground that the government failed to prove that a Florida state conviction for sale or delivery of cocaine categorically qualified as a serious drug offense for purposes of the ACCA. He pointed to an alleged mismatch between how Florida law and federal law treated certain cocaine isomers. Because we grant McCobb's motion for summary reversal based on the *Erlinger* error, we do not address the merits of this issue.